IN THE UNTED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SHANNON McCORD, PERSONAL REPRESENTATIVE OF THE ESTATE OF DONALD McCORD, JR., DECEASED, | CIVIL ACTION NO: 2:24-cv-01296-RMG |
| Plaintiff, | COMPLAINT (Nonjury Declaratory Judgment - Breach of Contract – Negligence) |
| v. | |
| NEW YORK LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| Deceased. | |

Plaintiff above named, complaining of the Defendant, alleges:

**FIRST COUNT**

1. Plaintiff is a resident and citizen of the County of Manning, State of South Carolina and is the duly appointed Personal Representative of the Estate of Donald McCord, Jr.

2. Defendant New York Life Insurance Company of North America is duly organized an existing under and by virtue of the law and at all times hereinafter mentioned was engaged in the business of providing insurance, including Group Accidental Death benefits insurance to persons within the State of South Carolina; Defendant New York Life Insurance Company of North America owns property and transacts business within Clarendon County, South Carolina.

3. That the amount in controversy herein, exclusive of costs, exceeds the sum of $75,000.

4. Venue is proper in this court because the events giving rise to this claim occurred in this district.

1

5. That on or prior to August 4, 2022, for valuable consideration, the Defendant issued policy number OK 970787 to Plaintiff providing coverage for Group Accidental Death benefits in the event of an accidental death.

6. Plaintiff's policy provides:

    ACCIDENTAL DEATH AND DISMEMBERMENT BENEFITS

    ***Covered Loss***     *We will pay the benefit for any one of the Covered Losses listed in the Schedule of Benefits if the Covered Person suffers a Covered Loss resulting directly and independently of all other causes from a Covered Accident within the applicable time period specified in the Schedule of Benefits.*

7. Plaintiff's policy provides:

    GENERAL DEFINITIONS

    ***Covered Accident***:     *A sudden, unforeseeable, external event that results, directly and independently of all other causes, in a Covered Injury or Covered Loss and meets all of the following conditions:*
    1. *Occurs while the Covered Person is insured under this Policy;*
    2. *Is not contributed to by disease, Sickness, mental or bodily infirmity;*
    3. *Is not otherwise excluded under the terms of this Policy.*

8. Plaintiff's policy provides:

    GENERAL DEFINITIONS

    ***Covered Injury***     *Any bodily harm that results directly or independently of all other causes from a Covered Accident.*

9. Plaintiff's policy provides:

    GENERAL DEFINITIONS

    ***Covered Loss***  *A loss that is all of the following:*
    1. *The result, directly and independently of all other causes, of a Covered Accident;*
    2. *One of the Covered Losses specified in the Schedule of Covered Losses;*
    3. *Suffered by the Covered Person within the applicable time period specified in the Schedule of Benefits.*

2

10. That on or about August 3, 2022, while the policy was still in force, Plaintiff's decedent accidentally ingested fentanyl which caused his death by reason of which Plaintiff was and should have been and is still entitled to be paid benefits from Defendant under the aforesaid policy.

11. Plaintiff has duly made a proper claim for the payment of such benefits and provided Defendant sufficient documentation to support Plaintiff's claim, but the Defendant has refused and still refuses to honor Plaintiff's claim and has failed to pay Plaintiff's claim.

12. This action is brought pursuant to the Uniform Declaratory Judgment Act to obtain a declaration of Plaintiff's rights respecting said policy of insurance and coverage under said policy and endorsement thereon and Plaintiff asks for a determination that Plaintiff is entitled to coverage.

**SECOND COUNT**

13. Each and every allegation of the first count is herein repeated and reiterated as if set forth verbatim herein.

14. Defendant has wrongfully breached the aforesaid contract of insurance referred to above and has failed and refused to perform its obligations under said contract.

15. That by reason of and as a consequence of the aforesaid breach of contract by the Defendant, Plaintiff is entitled to actual damages by reason of nonpayment of claims due and Plaintiff has been otherwise damaged, all to Plaintiff's damage.

WHEREFORE, Plaintiff prays for a declaratory judgment declaring that Plaintiff's policy provides the benefits claimed and for judgment against the Defendant for such sums as will fully, fairly and justly compensate Plaintiff, together with the cost and disbursement of this action, attorney's fees, interest, prejudgment interest and such other relief as may be appropriate.

By: s/Gedney M. Howe, IV.
Gedney M. Howe, IV (Fed Bar #13339)
Gedney M. Howe, III, PA
PO Box 1034
Charleston, SC  29402
P:  843-722-8048
F: 843-722-2140
E: gedney4@gedneyhowe.com

and

J. Calhoun Land, IV (Fed Bar #6292)
Land Parker Welch, LLC
PO Box 138
Manning, SC 29102
P: 803-435-8894
F: 803-435-8362
E: cal@lpwlawfirm.com

March 18, 2024
Charleston, South Carolina